IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NAUFAHU T.,<br><br>          Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO,[1]<br>Commissioner of Social Security,<br><br>          Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [19] MOTION FOR ATTORNEY FEES<br><br>Case No. 2:23-cv-00570-CMR<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is attorney Natalie Bolli-Jones' (Plaintiff's Counsel) Motion for Attorney's Fees (Motion) (ECF 19) pursuant to 42 U.S.C. § 406(b)(1). Defendant Commissioner of Social Security (Commissioner) neither supports nor opposes the request (ECF 20). For the reasons stated below, the Motion is GRANTED IN PART and DENIED IN PART.

### I.   BACKGROUND

Plaintiff Naufahu T. (Plaintiff) hired Plaintiff's Counsel on a contingency-fee basis to represent him in federal court for claims arising from the Commissioner's decision denying his application for disability insurance benefits (ECF 19-2). Through written agreement, Plaintiff and Plaintiff's Counsel agreed that the contingency fee award would be twenty-five percent (25%) of the past-due benefits awarded based on Plaintiff's claims (*id.*).

On August 28, 2023, Plaintiff initiated this matter and began his appeal of the decision of

---

[1] Frank Bisignano is currently the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

the Commissioner in this court (ECF 1). On January 23, 2024, the court remanded the matter to the Commissioner for further proceedings (ECF 15). That same day, the court entered judgment in favor of Plaintiff and against the Commissioner (ECF 16).

Following remand, the parties filed a stipulated motion for award of attorney's fees under the Equal Access to Justice Act (EAJA) (ECF 17). On March 26, 2024, the court awarded $4,252.50 in attorney's fees to Plaintiff's Counsel under the EAJA (ECF 18).

On January 26, 2025, the Social Security Administration (SSA) awarded Plaintiff past-due benefits (ECF 19-4). On February 6, 2025, Plaintiff's Counsel filed the instant Motion seeking an award of $29,184.50 in attorney's fees for court representation of Plaintiff pursuant to Social Security Act § 206(b)(1) and 42 U.S.C. § 406(b) (ECF 19). According to Plaintiff's Counsel, $29,184.50 "represents 25% of the past-due Social Security disability benefits awarded to Plaintiff . . . minus $20,000.00 to account for any fee paid to his attorney at the administrative level" (*id.* at 1). The Commissioner filed a response stating it did not object to Plaintiff's Counsel's request for fees (ECF 20). Plaintiff himself did not file an objection to the Motion, and the time for doing so has expired.

## II.    DISCUSSION

Plaintiff's Counsel seeks the court's authorization and award of attorney's fees in the amount of $29,184.50 (ECF 19 at 1). 42 U.S.C. § 406(b)(1)(A) provides that an attorney who successfully represents a Social Security claimant may be awarded "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits." Courts make an independent determination of whether the fee award sought under § 406(b) is reasonable by examining the reasonableness of the contingency-fee agreement "based on the character of the representation and the results . . . achieved." *Gisbrecht v. Barhart*, 535 U.S. 789, 808 (2002). A court can reduce a

fee award if, for example, "the attorney is responsible for delay . . . during the pendency of the case in court" or "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* In addition, "the court may require the claimant's attorney to submit . . . a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.*

Here, Plaintiff's Counsel's requested fee award of $29,184.50 for court representation is equal to 25 percent of past due benefits minus the amount withheld by the SSA for direct payment of attorney's fees. The court also notes that Plaintiff's Counsel's Motion is unopposed. Neither the Commissioner nor Plaintiff has objected to the award requested by Plaintiff's Counsel.

Nevertheless, pursuant to *Gisbrecht*, the court will examine whether the fee request is reasonable. First, upon review of the record in this case, there is no indication that Plaintiff's Counsel was responsible for any undue delay in resolving Plaintiff's claims. Plaintiff initiated this appeal on August 28, 2023 and the Commissioner's decision was reversed and remanded on January 23, 2024. On January 26, 2025, the SSA notified Plaintiff that it would pay her past-due benefits, and Plaintiff's Counsel filed the present Motion on February 6, 2025. Accordingly, nothing in the record indicates that Plaintiff's Counsel delayed pursuit of Plaintiff's claims to profit from the accumulation of past-due benefits. Therefore, the court finds no basis to reduce Plaintiff's Counsel's award on this basis.

Next, the court may reduce the attorney's fees award if the amount is larger in comparison to the amount of time Plaintiff's Counsel spent on the case. As noted by the Tenth Circuit, "a downward adjustment is . . . in order, notwithstanding very favorable results, when the recovery of past-due benefits for the claimant is 'large in comparison to the amount of time counsel spent on the case.'" *Russell v. Astrue*, 509 F. App'x 695, 696 (10th Cir. 2013) (quoting *Gisbrecht*, 535

U.S. at 808).

      Here, Plaintiff's Counsel represents that she spent 20.4 hours on behalf of Plaintiff pursuing her claims (ECF 19-3). Thus, if the court were to authorize an award of $29,184.50, it would result in a rate of approximately $1,430.61 per hour. Plaintiff's Counsel provided no case law from this district demonstrating that this is a reasonable hourly rate for similar cases. Indeed, in conducting its own research, the court was unable to find any case law from this district approving such an exorbitant hourly rate. *See, e.g.*, *Morris v. Bisignano*, No. 2:20-cv-00663-TC, 2025 WL 1880707, at *2 (D. Utah July 7, 2025) (finding an hourly rate of $318.85 reasonable under § 406(b)); *Karianne L. v. Dudek*, No. 2:23-cv-00226, 2025 WL 1347144, at *4 (D. Utah May 8, 2025) (approving "an hourly rate of $833.94.42" in relation to a § 406(b) fee request but noting that it "approaches the upper limit" of what courts have found reasonable); *Jensen v. Dudek*, No. 2:23-cv-036-DBP, 2025 WL 1114186, at *1 (D. Utah Apr. 15, 2025) (approving a rate of "$761 an hour" despite it being "at the high end of what this court finds reasonable"); *Tony R. v. Dudek*, No. 2:24-cv-00242, 2025 WL 842793, at *2 (D. Utah Mar. 18, 2025) (granting a § 406(b) fee request resulting in an hourly rate of $629.56 for 17.2 hours of work); *Kenneth M. v. Colvin*, No. 1:20-cv-00045, 2025 WL 35570, at *2 (D. Utah Jan. 6, 2025) (finding that "an hourly rate of $825.94" for a § 406(b) fee request "within the range which courts have found reasonable—though it approaches the high end of that range"); *Stephen E v. Colvin*, No. 1:19-cv-00062, 2025 WL 35569, at *2 (D. Utah Jan. 6, 2025) (finding an hourly rate of $714.56 reasonable under § 406(b)). In two of those matters, both decided this year, Plaintiff's Counsel was the attorney of record, wherein the court found an hourly rate of $629.56, *see Tony R.*, 2025 WL 842793, at *2, and $714.56, *Stephen E.*, 2025 WL 35569, at *2, to be a reasonable hourly rate. Because the requested fee rate in this matter far exceeds other comparable fees awarded in this district, it is not reasonable under *Gisbrecht*.

The court does not find it reasonable to award an hourly rate of $1,430.61, particularly where no argument was presented demonstrating that this matter presented unusual circumstances or any other reasons that would justify such an hourly rate. Considering that this court recently approved an hourly rate of $714.56 for Plaintiff's Counsel, even "though it approaches the high end" of the range which this court has found to be reasonable, *see Stephen E.*, 2025 WL 35569, at *2, the court finds it appropriate to likewise approve an hourly rate of $714.56 for Plaintiff's Counsel in this matter. Multiplying this amount by the 20.4 hours Plaintiff's Counsel spent on this case brings the fee request to $14,577.02. The court finds this to be a reasonable amount for representation of Plaintiff in federal court.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the court reduces the fee amount requested in the Motion, finding the reduced amount reasonable and authorizes Plaintiff's Counsel to receive an award of $14,577.02 in attorney's fees under 42 U.S.C. § 406(b)(1).

Accordingly, it is HEREBY ORDERED that Plaintiff's Motion is GRANTED IN PART and DENIED IN PART. Plaintiff's Counsel is awarded $14,577.02 in attorney's fees. Upon payment of this amount, EAJA fees in the amount of $4,252.50 will be refunded to Plaintiff.

DATED this 30 September 2025.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah